1  HUESTON HENNIGAN LLP
   John C. Hueston, State Bar No. 164921
2  jhueston@hueston.com
   Moez M. Kaba, State Bar No. 257456
3  mkaba@hueston.com
   523 West 6th Street, Suite 400
4  Los Angeles, CA 90014
   Telephone:  (213) 788-4340
5  Facsimile:   (888) 775-0898

6  Attorneys for Plaintiff
   IMDb.com, Inc.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 IMDB.COM, INC., a Delaware          Case No.
   corporation,
12                                     **COMPLAINT FOR DECLARATORY
                                       AND INJUNCTIVE RELIEF**
13              Plaintiff,

14        vs.

15
   KAMALA HARRIS, in her official
16 capacity as Attorney General of the State
17 of California,

18              Defendant.
19

20                      **<u>INTRODUCTION</u>**

21      1.      This suit is a facial challenge to the constitutionality of California

22 Assembly Bill No. 1687 ("AB 1687"), a misguided law that attempts to combat age

23 discrimination in casting through content-based censorship.  AB 1687 amends the

24 California Civil Code to prohibit Plaintiff IMDb.com, Inc. ("IMDb") from

25 publishing the truthful ages or dates of birth of public figures in the entertainment

26 industry.  IMDb shares the worthy goal of preventing age discrimination.  But

27 AB 1687 is an unconstitutional law that does not advance, much less achieve, that

28 goal.  To the contrary, rather than passing laws designed to address the root problem

1   of age discrimination, the State of California has chosen to chill free speech and

2   undermine public access to factual information.  As such, AB 1687 is clearly

3   unconstitutional and cannot be enforced.

4         2.   IMDb operates IMDb.com, the most comprehensive and authoritative

5   public source of information regarding the motion picture and television industries,

6   which is used by hundreds of millions of people worldwide.  IMDb is committed to

7   providing complete factual information related to films, television, and people

8   involved in the entertainment industry, including birth dates and other biographical

9   data.  The vast majority of that factual information is not provided by IMDb itself,

10  but by IMDb.com users.  IMDb routinely and gladly updates information on

11  IMDb.com in order to correct verified inaccuracies.  But it has always been IMDb's

12  policy not to alter or delete any accurate factual information on the public website.

13  Being compelled to do so not only violates basic free speech principles, but

14  undermines the accuracy and reliability of the IMDb.com database on which

15  millions of users rely.  In fact, California courts have recognized that the

16  information available on IMDb.com is of public interest.  *See, e.g.*, *Sobini Films,*

17  *Inc. v. Clear Skies Nevada, LLC*, 2016 WL 5793694, *6-7 (Cal. Ct. App. Oct. 4,

18  2016) ("Credit for the production is surely a matter of public interest throughout the

19  film industry …").

20        3.   IMDb also operates IMDbPro, a membership-based service that

21  includes comprehensive information and tools designed to help entertainment

22  industry professionals achieve success, including detailed contact and representation

23  information, IMDb profile management tools, exclusive STARmeter rankings that

24  are determined by user searches on IMDb, a casting service to post breakdowns and

25  apply to roles, and a mobile optimized website.  In response to feedback from

26  IMDbPro subscribers, since 2010, IMDb.com has provided subscribers enhanced

27  control over how their information, including ages and birthdates, are displayed.

28  *To be clear, for years, IMDbPro subscribers have had the power to remove their*

*ages or birthdates from their paid profiles*. And, importantly, IMDb's casting service is available exclusively to IMDbPro subscribers. As a result, casting directors utilize IMDbPro, rather than IMDb's public website, to access IMDb's casting tools. In other words, IMDb has empowered IMDbPro subscribers to remove their age information from IMDbPro if they are concerned that such information might affect casting decisions.

4.      In September 2016, in response to aggressive lobbying by the Screen Actors Guild - American Federation of Television and Radio Artists ("SAG-AFTRA"), the largest entertainment union, the California Legislature passed, and Governor Brown signed, AB 1687. The law requires IMDb, upon request, to remove the birthdates and ages of actors, directors, producers, writers, set decorators, costume designers, makeup artists, sound editors, special effects technicians, location managers, and many other entertainment industry professionals. The law was artfully and deliberately crafted to require IMDb to remove that information not only from IMDbPro (which IMDbPro subscribers have had the ability to do on their own), but *also from the public IMDb.com site*. In fact, as a result of the way the law is drafted, in order to take advantage of the law, an individual must first subscribe to the IMDbPro paid service.

5.      The declared purpose of AB 1687 is "to ensure that information obtained on an Internet Web site regarding an individual's age will not be used in furtherance of employment or age discrimination." But the law does not serve that laudable purpose, because it does nothing to regulate *how* information obtained on IMDb.com is used, whether in furtherance of age discrimination or otherwise. In other words, AB 1687 does not prohibit the discriminatory use of information, but instead forces the removal of factual information from the public domain. That "enforced silence" is unquestionably censorship in plain violation of the U.S. Constitution.

6.     IMDb strongly opposes discrimination in all forms, including age discrimination in casting.  But prejudice and bias, not truthful information, are the root causes of discrimination.  This law unfairly targets IMDb.com (which appears to be the *only* public site impacted by the law) and forces IMDb to suppress factual information from public view.  Moreover, the factual information being suppressed from IMDb is available from many other sources, not least including Wikipedia, Google, Microsoft (Bing), and Apple (Siri).  As such, AB 1687 sets a dangerous and unconstitutional precedent for other general purpose websites and news sources, and should be deeply troubling to all who care about free speech.

7.     AB 1687 does not merely violate the First Amendment rights of IMDb and its hundreds of millions of users and contributors.  The statute also violates the Commerce Clause because California is attempting to police the internet far beyond the state's own borders.  And the statute separately violates federal law because it imposes liability on IMDb based on factual content that is lawfully posted by its users.

8.     For the above reasons, and as explained in more detail below, IMDb brings this action for declaratory judgment and injunctive relief, and asks the Court to declare that AB 1687 is unconstitutional and that IMDb cannot be liable for failing to censor factual public information as this law requires.

## JURISDICTION AND VENUE

9.     The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because IMDb alleges violations of its rights under the Constitution and laws of the United States.

10.     The Court has authority to grant the declaratory relief requested herein pursuant to 28 U.S.C. § 2201 because the action presents an actual case or controversy within the Court's jurisdiction.

11.     Venue is proper in the United States District Court for the Northern District of California because defendant carries out her official duties in this district,

1 | maintains offices in this district, including the Attorney General's office of Privacy
2 | Enforcement and Protection, and a substantial part of the events giving rise to the
3 | claim occurred in this district.  28 U.S.C. § 1391(b)(1)-(2).

4 | **PARTIES**

5 | 12.    Plaintiff IMDb.com, Inc. is a Delaware corporation with its principal
6 | place of business in Washington state.

7 | 13.    Defendant Attorney General Harris is sued in this action in her official
8 | capacity as representative of the State of California charged with enforcement of
9 | AB 1687, including through California's Unfair Competition Law, CAL. BUS. &
10 | PROF. CODE § 17200 *et seq.*

11 | **FACTS**

12 | *IMDb's Background*

13 | 14.    IMDb.com had humble beginnings.  Colin Needham (who remains
14 | IMDb's CEO to this day), then a 23-year-old engineer, started IMDb in 1990 as a
15 | bulletin board database of movie credits.  In IMDb's early years, Needham and an
16 | expanding group of volunteers entered information regarding thousands of films
17 | they had seen.  IMDb migrated to the web in 1993 with help from the computer
18 | sciences department at Cardiff University.  When web traffic soon overwhelmed
19 | Cardiff's server capacity, Needham called upon other universities across the world
20 | to host the database.  By 1995, traffic to IMDb.com was doubling every few weeks,
21 | and Needham and his volunteer editors were unable to keep pace.

22 | 15.    In January 1996, Needham launched IMDb.com as a consumer website.
23 | Within two years, IMDb.com was already becoming one of the most popular
24 | websites in the world, with more than 18 million visitors per month.  By that time,
25 | IMDb.com had grown into far more than a personal collection of movie and
26 | television facts, offering a searchable database of nearly 400,000 movies and
27 | entertainment programs, and approximately 1.4 million industry cast and crew
28 | members.

16.     IMDb.com continued its exponential growth over the next two decades, and its database today includes more than 185 million data items, including more than 3 million movies, televisions shows, and entertainment programs, and more than 6 million cast and crew members.  IMDb has a combined web and mobile audience of more than 250 million unique monthly visitors.  Courts have recognized that the information available on IMDb.com is of public interest.  *See, e.g.*, *Sobini Films, Inc. v. Clear Skies Nevada, LLC*, 2016 WL 5793694, *6-7 (Cal. Ct. App. Oct. 4, 2016) ("Credit for the production is surely a matter of public interest throughout the film industry …").

17.     Similar to Wikipedia, IMDb users are able to edit pages for titles and individuals in order to keep information on IMDb.com accurate.  For example, a user is able to add a credit for an actor, add iconic quotes from a title, or edit an actor's personal information, including age or date of birth.

18.     Community-sourced information is not infallible.  For that reason, IMDb.com maintains a "Database Content Team" that manually monitors third party contributions for accuracy, and has also developed software to ensure that all of the information on IMDb is as accurate as possible.

19.     In 2002, IMDb launched a separate subscription service, known as IMDbPro.  Instead of being a public-facing site like IMDb.com, IMDbPro is designed for motion picture and television professionals.  Subscribers to IMDbPro gain access to information that is not available on IMDb.com, including representation and employer contact details for industry professionals, as well as the ability to make their resumes, photographs, demo reels, and other information available to casting agents and other industry decision makers.  That membership-based service has become an essential resource for entertainment industry professionals.

20.     In 2010, in response to feedback from IMDbPro subscribers, IMDb launched a feature providing IMDbPro subscribers enhanced control over how their

1   information, including ages and birthdates, are displayed.  *Thus, for many years,*

2   *IMDbPro subscribers have had the power unilaterally to remove their ages or*

3   *birthdates from their paid profiles.*  IMDb's casting service is available exclusively

4   to IMDbPro subscribers.  Casting directors use IMDbPro, rather than IMDb's public

5   website, to access IMDb's casting tools.  In other words, IMDb has already taken

6   steps to address the concerns that AB 1687 purports to address, by empowering

7   actors to remove age information if they are concerned that such information might

8   affect casting decisions.

9                                  *The Passage of AB 1687*

10       21.    On September 24, 2016, citing the risk of age discrimination in the

11  entertainment industry, Governor Brown approved AB 1687.[1]  The law would

12  prevent a "commercial online entertainment employment service provider that

13  enters into a contractual agreement to provide employment services to an

14  individual" from publishing the subscriber's date of birth or age on an online profile

15  or share such information with any website, upon request of the subscriber.  In

16  addition, the law would require such an online entertainment employment service

17  provider, upon request, to remove any age information, including information

18  provided or posted by third-party users, from its website or "any companion Internet

19  Web sites under its control."  That is a thinly veiled reference to IMDbPro's

20  "companion" website IMDb.com.  Notably, AB 1687 contains no territorial

21  limitations at all.  It purports to impose financial penalties on IMDb, a Delaware

22  corporation with its offices in Seattle, if it refuses to censor itself when, for example,

23  a California actor requests the removal of his age from IMDb.com after it is added

24  by an IMDb.com user in Germany.

25       22.    SAG-AFTRA, the largest union in entertainment, sponsored AB 1687,

26  conducting a determined campaign to secure its passage.  As the law only applies to

27  _____

28  [1] AB 1687 will be codified as CAL. CIV. CODE § 1798.83.5.

1    "commercial online entertainment employment service provider[s]," there can be no

2    doubt that California seeks to offer a special protection to SAG-AFTRA at the

3    expense of the First Amendment.

4          23.    Despite AB 1687's seemingly generalized language (applying to

5    "commercial online entertainment employment service provider[s]"), IMDb.com is

6    the primary, if not singular, target of the bill.  Beyond IMDb being the preeminent

7    provider of such services, the Senate Rules Committee isolated and identified

8    IMDb.com as the target of the bill.[2]  In addition, the President of SAG-AFTRA

9    specifically cited IMDb.com's date-of-birth information when urging Governor

10   Brown to approve the law.[3]

11         24.    Thus, despite an avowed goal to address age discrimination in casting,

12   AB 1687 applies to only one of the many public sources of an actor's age.  The law

13   fictionally presumes that a casting director who hypothetically plans to discriminate

14   on the basis of age will no longer do so if IMDb.com does not post birthdates,

15   despite the fact that this information is readily available through many other sources

16   (including Wikipedia, Google, Bing, and Siri).

17         25.    AB 1687's unconstitutionally over-inclusive language also sweeps

18   within its ambit countless subscribers who do not face age discrimination.  Despite

19   the fact that SAG-AFTRA, representing on-screen talent, has cast this statute as a

20   boon to actors, its censorship would apply equally to writers, producers, makeup

21   artists, costume designers, or even the director of a video game.  It would also apply

22   to "A-list celebrities" whose ages are already well-known.

23

24

25   _____

26   [2] California Senate Judiciary Committee June 27, 2016 Hearing, *available at*
     https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201520160AB1687.

27   [3] The Hollywood Reporter, *Actors Need a Law to Keep Ages Off IMDb*, available at
28   http://www.hollywoodreporter.com/news/sag-aftras-gabrielle-carteris-actors-922253.

*The Substantial Threat To IMDb.com*

26.    AB 1687 was passed against a backdrop of the Attorney General's stated focus on privacy violations.  In 2012, the Attorney General created the Privacy Enforcement and Protection Unit, whose stated goal was "protecting consumer and individual privacy through civil prosecution of state and federal privacy laws."[4]   The Attorney General has stated that enforcing state privacy laws, such as AB 1687, is one of her office's "top priorities."  IMDb reasonably believes the Attorney General will seek both monetary penalties and injunctive relief requiring IMDb to censor itself by filing an action for violations of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.*[5]  IMDb will then be faced with the choice of removing accurate information of public interest from the marketplace of ideas or suffering financial and other penalties for refusing to censor itself.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983
### (First Amendment - Content-Based Regulation of Speech)

27.    IMDb realleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

28.    This action presents an actual case or controversy between IMDb and defendant concerning the validity and enforceability of AB 1687.

29.    IMDb reasonably believes defendant will attempt to enforce AB 1687 against IMDb and seek injunctive relief and civil penalties.

---

[4] State of California Department of Justice, Office of the Attorney General, *Attorney General Kamala D. Harris Announces Privacy Enforcement and Protection Unit*, available at https://oag.ca.gov/news/press-releases/attorney-general-kamala-d-harris-announces-privacy-enforcement-and-protection.

[5] California's Unfair Competition Law empowers the Attorney General to bring a suit for injunctive relief and civil penalties.  CAL. BUS. & PROF. CODE §§ 17204; 17206.  Violations of other laws, including AB 1687, are a per se violation of the Unfair Competition Law. *See Yanting Zhang v. Superior Court*, 304 P.3d 163, 167 (Cal. 2013).

30.     AB 1687 is a content-based restriction on speech that is not narrowly drawn to serve a compelling government interest.  Instead of targeting IMDb.com for hosting truthful information, California could instead seek to enforce (or bolster) already existing anti-discrimination laws against those in the entertainment industry who discriminate, or could take other steps to more effectively penalize those who are engaged in discrimination.  California has not shown, and cannot show, that these less speech-restrictive alternatives would be an inadequate means of achieving its policy goals.

31.     AB 1687 is over-inclusive because it broadly prohibits speech in a way that will have no effect on age discrimination.  AB 1687 allows entertainment professionals of all kinds, not merely actors and actresses, to prevent IMDb.com from displaying their ages, even though they are not the types of on-screen actors who are facing the discrimination that purportedly prompted the law.

32.     While over-inclusive in some respects, AB 1687 is also under-inclusive, because it prohibits only a narrow category of speech by an even narrower category of speakers, while ignoring the myriad other sources of the same information.  For many of the actors who have already requested removal of their ages from IMDb, such information is also available on frequently visited sites like Wikipedia, other entertainment-related sites, through a simple Google search, or even on a plethora of sites specializing in celebrity birthdays such as www.famousbirthdays.com.  AB 1687 applies to none of these other websites, or to other news sources like newspapers that also print such information.

33.     The law's over-inclusiveness and under-inclusiveness demonstrate that it is not narrowly tailored to achieve California's stated interest in passing the law.

34.     To the extent that it regulates commercial speech, AB 1687 does not directly advance a substantial government interest and is not drawn to achieve that interest.  The speech AB 1687 regulates concerns lawful activity, is truthful, and is not misleading.

35.   Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, IMDb seeks injunctive relief against the State to prevent enforcement of AB 1687.

## SECOND CLAIM FOR RELIEF

**42 U.S.C. § 1983**
**(First Amendment - Vagueness)**

36.   IMDb realleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

37.   This action presents an actual case or controversy between IMDb and defendant concerning the validity and enforceability of AB 1687.

38.   IMDb reasonably believes defendant will attempt to enforce AB 1687 against IMDb and seek injunctive relief and civil penalties.

39.   AB 1687 is unconstitutionally vague because it penalizes the publishing of "age information" without defining that term.  The statute thus impermissibly chills speech because it is unclear whether "age information" would include, for example, describing an IMDb subscriber as being in his or her "40s" or describing a different subscriber as a "Millennial" because it suggests the subscriber was born in the 1980s or 1990s.

40.   Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, IMDb seeks injunctive relief against the State to prevent enforcement of AB 1687.

## THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983**
**(First Amendment – Strict Liability)**

41.   IMDb realleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

42.   This action presents an actual case or controversy between IMDb and defendant concerning the validity and enforceability of AB 1687.

43.   IMDb reasonably believes defendant will attempt to enforce AB 1687 against IMDb and seek injunctive relief and civil penalties.

44.    The imposition of civil penalties under AB 1687 violates the First Amendment because it purports to impose strict liability on IMDb for hosting age-related information on IMDb.com after an IMDbPro subscriber has requested the removal of age-related information.

45.    IMDb.com users are able to post on message boards visible on actors' profiles.  Every day, users post thousands of messages on IMDb.com's message boards.  Upon information and belief, users have posted, and will continue to post, messages relating to actors' ages or dates of birth.  IMDb does not, and cannot, enforce a policy of prior restraint on its users' messages.

46.    AB 1687 does not appear to require subsequent take-down requests before liability attaches.  Nor does AB 1687 require that IMDb have any knowledge that age-related information was posted by an IMDb.com user before liability attaches.  Thus, the law would impose strict civil liability on IMDb, even though IMDb has no knowledge of the content unless and until it is later informed.

47.    Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, IMDb seeks injunctive relief against the State to prevent enforcement of AB 1687.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983
### (Commerce Clause)

48.    IMDb realleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

49.    This action presents an actual case or controversy between IMDb and defendant concerning the validity and enforceability of AB 1687.

50.    IMDb reasonably believes defendant will attempt to enforce AB 1687 against IMDb and seek injunctive relief and civil penalties.

51.    The Commerce Clause prohibits states from passing laws that have the practical effect of regulating commerce occurring wholly outside that state's borders.

52.     AB 1687 contains no territorial provisions that would limit its impact to conduct in and related to California.  Instead, the law seeks to regulate the internet as a whole.  AB 1687 would permit the imposition of penalties for conduct whose only nexus to California is that IMDb.com is accessible in that state.  The Constitution does not permit such attacks on the free flow of commerce.

53.     Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, IMDb seeks injunctive relief against the State to prevent enforcement of AB 1687.

### FIFTH CLAIM FOR RELIEF

**42 U.S.C. § 1983**
**(Communications Decency Act (47 U.S.C. § 230))**

54.     IMDb realleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

55.     This action presents an actual case or controversy between IMDb and defendant concerning the validity and enforceability of AB 1687.

56.     IMDb reasonably believes defendant will attempt to enforce AB 1687 against IMDb and seek injunctive relief and civil penalties.

57.     IMDb.com is an "interactive computer service" for purposes of the Communications Decency Act because it operates an interactive online platform which provides information to multiple users by giving them computer access to a computer server.  47 U.S.C. § 230(f)(2).

58.     Third-party users are responsible for the submission of content on IMDb.com, including information related to age or date of birth.

59.     AB 1687 violates IMDb's rights under the Communications Decency Act, 47 U.S.C. § 230(c)(1), which states that "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," because enforcement of AB 1687 against IMDb will improperly penalize IMDb as the publisher or speaker

- 13 -

of information that is provided by another information content provider (*i.e.*, an IMDb.com user).

60.     AB 1687 is thus a "State … law that is inconsistent with" § 230, in direct violation of 47 U.S.C. § 230(e)(3).  AB 1687 thus also interferes with or impedes the accomplishment of the full purposes and objectives of federal law, violates the Supremacy Clause, U.S. Const. art. VI, cl. 2, and is invalid and preempted.

61.     Pursuant to 42 U.S.C. § 1983 and the Court's equitable powers, IMDb seeks injunctive relief against the State to prevent enforcement of AB 1687.

## SIXTH CLAIM FOR RELIEF

62.     IMDb realleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

63.     This action presents an actual case or controversy between IMDb and defendant concerning the validity and enforceability of AB 1687.

64.     Because AB 1687 violates the First Amendment, the Commerce Clause, and the CDA, 47 U.S.C § 230, IMDb seeks and is entitled to a declaration pursuant to 28 U.S.C. § 2201 that AB 1687 is invalid and unenforceable.

## PRAYER FOR RELIEF

Wherefore IMDb prays this Court:

A.     Enter declaratory judgment that AB 1687 is unconstitutional and unenforceable;

B.     Enter a permanent injunction against its enforcement by the State and its respective officers, agents, servants, employees, and attorneys, and those persons in concert or participation with them, enjoining them from taking any actions to enforce AB 1687 against IMDb;

C.     Award IMDb its reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

1       D.     Any such other and further relief as is just and proper under the

2  circumstances.

3

4  DATED: November 10, 2016

5                        Respectfully submitted,

6                        HUESTON HENNIGAN LLP

7

8

9                      By:

10                             John C. Hueston
                               Moez M. Kaba
                               Attorneys for Plaintiff IMDb.com, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28