UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMDB.COM, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XAVIER BECERRA,<br><br>　　　　　Defendant. | Case No. 16-cv-06535-VC<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 16 |

　　　　To obtain a preliminary injunction preventing enforcement of AB 1687 while this lawsuit is pending, IMDb must show that it will likely succeed in the lawsuit, that it will likely suffer irreparable harm absent a preliminary injunction, that the hardship imposed on the government by a preliminary injunction will be less than the hardship imposed on IMDb by the absence of one, and that a preliminary injunction would serve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

　　　　With respect to the first part of the preliminary injunction test, it's difficult to imagine how AB 1687 could not violate the First Amendment. The statute prevents IMDb from publishing factual information (information about the ages of people in the entertainment industry) on its website for public consumption. This is a restriction of non-commercial speech on the basis of content. *See Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 818-19 (9th Cir. 2013). Therefore, the burden is on the government to show that the restriction is "actually necessary" to serve a compelling government interest.[1] *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 799 (2011).

---

[1] The government has not argued that birthdates or other age-related facts implicate some privacy interest that protects them from public disclosure, and it's doubtful such an argument would prevail in any event.

The government is highly unlikely to meet this burden, and certainly nothing it has submitted in opposition to the preliminary injunction motion suggests it will be able to do so.

To be sure, the government has identified a compelling goal – preventing age discrimination in Hollywood. But the government has not shown how AB 1687 is "necessary" to advance that goal. In fact, it's not clear how preventing one mere website from publishing age information could meaningfully combat discrimination at all. And even if restricting publication on this one website could confer some marginal antidiscrimination benefit, there are likely more direct, more effective, and less speech-restrictive ways of achieving the same end. For example, although the government asserts generically that age discrimination continues in Hollywood despite the long-time presence of antidiscrimination laws, the government fails to explain why more vigorous enforcement of those laws would not be at least as effective at combatting age discrimination as removing birthdates from a single website. Because the government has presented nothing to suggest that AB 1687 would actually combat age discrimination (much less that it's *necessary* to combat age discrimination), there is an exceedingly strong likelihood that IMDb will prevail in this lawsuit.[2]

IMDb satisfies the remaining parts of the preliminary injunction test just as easily. Because AB 1687 restricts IMDb's speech rights, by definition IMDb is suffering irreparable harm. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). Because the government has not shown that AB 1687 is likely to prevent age discrimination, the hardship on IMDb from the absence of an injunction would be much greater than the hardship on the government from the presence of one. And for similar reasons, the public interest favors an injunction.

Accordingly, the government is enjoined from enforcing AB 1687 while this lawsuit is pending. The upcoming case management conference is continued to March 21.

---

[2] The government casts AB 1687 as ordinary economic regulation falling outside First Amendment scrutiny. But IMDb Pro's commercial relationship with its subscribers has no connection to IMDb's public site, which relies on data obtained from third parties or from the public record. The government would perhaps be on stronger ground if AB 1687 were limited to preventing IMDb from misappropriating the data furnished by subscribers to its industry-facing site.

**IT IS SO ORDERED.**

Dated: February 22, 2017

_____
VINCE CHHABRIA
United States District Judge