XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
ANTHONY R. HAKL
Deputy Attorney General
State Bar No. 197335
1300 I Street, Suite 125
P.O. Box. 944255
Sacramento, CA 94244-2550
Telephone:  (916) 322-9041
Facsimile:   (916) 324-8835
Email: Anthony.Hakl@doj.ca.gov

Attorneys for Defendant
Attorney General Xavier Becerra

DOUGLAS E. MIRELL (Bar No. 94169)
dmirell@hmafirm.com
DILAN A. ESPER (Bar No. 178293)
desper@hmafirm.com
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Dr., Fourth Floor
Beverly Hills, CA  90212
Tel.  (424) 203-1600
Fax  (424) 203-1601

Attorneys for Defendant Intervenor
Screen Actors Guild-American Federation
of Television and Radio Artists

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMDB.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, <br><br> Defendant. <br><br> SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, <br><br> Defendant/Intervenor. | No. 3:16-cv-06535-VC <br><br> **JOINT CONSOLIDATED REQUEST OF DEFENDANT AND DEFENDANT INTERVENOR TO CONDUCT LIMITED DISCOVERY** <br><br> Judge: Hon. Vince Chhabria <br> Date: May 25, 2017 <br> Time: 10:00 A.M. <br> Place: Courtroom 4 <br> 450 Golden Gate Ave. <br> San Francisco, CA  94102 |

1    Pursuant to this Court's Minute Order of March 22, 2017 [Doc. 63], Defendant Xavier
2 Becerra and Defendant Intervenor Screen Actors Guild-American Federation of Television and
3 Radio Artists (collectively "Defendants") hereby respectfully request that this Court authorize the
4 following limited discovery to be directed to Plaintiff IMDb.com, Inc. ("IMDB" or "Plaintiff") in
5 the above-captioned action:

## DOCUMENT REQUESTS

7    1.   All WRITINGS that constitute or contain marketing studies conducted for or on
8 behalf of IMDB which contain information regarding the purposes for which users do use or should
9 use the IMDb.com website.

10    2.   All WRITINGS that constitute or contain advertising, marketing or promotional
11 materials which discuss the purposes for which users do use or should use the IMDb.com website.

12    3.   All WRITINGS that constitute or contain marketing studies conducted for or on
13 behalf of IMDB which contain information regarding which websites are used by members of the
14 entertainment industry to obtain age and birthdate information.

15    4.   All WRITINGS that constitute or discuss IMDB's past or present policies or
16 practices with respect to the posting of birthdates or ages on the IMDb.com website, and the
17 purpose of such policies or practices.

18    5.   All WRITINGS that constitute or discuss all requests to remove age or birthdate
19 information from the IMDb.com website, and the responses of IMDB thereto.

20    6.   All WRITINGS that constitute or discuss complaints directed to IMDB regarding
21 the posting of birth dates or ages, and the responses of IMDB thereto.

22    7.   All WRITINGS that discuss IMDB's policies or practices with respect to obtaining
23 birthdates or ages from public sources, and the purpose of such policies or practices.

24    8.   All WRITINGS that discuss IMDB's policies or practices with respect to obtaining
25 birthdates or ages from non-public sources, and the purpose of such policies or practices.

26    9.   All WRITINGS that discuss IMDB's policies or practices with respect to posting
27 birthdates or ages obtained directly from subscribers, and the purpose of such policies or practices.

28

10. All WRITINGS that discuss or explain the rationale for the following IMDbPro submission guideline: "We do not consider Wikipedia (or other collaboratively edited wiki-style sites) to be an acceptable source for birth dates."

11. All WRITINGS that discuss the reliability or unreliability of any websites other than Wikipedia that contain birthdate or age information.

12. All WRITINGS that discuss or explain the rationale for the following IMDbPro submission guideline: "We do allow social media links to be an acceptable source for birthdates (e.g., Facebook, Twitter, LinkedIn, etc.)."

13. All WRITINGS that discuss or explain the rationale for the following IMDbPro submission guideline: "If submitting a date of birth for a minor under 18 years of age, you must include a URL confirming the year of birth."

14. All WRITINGS that discuss or explain the rationale for the following IMDbPro submission guideline: "We will no longer accept DOBs for minors without supporting evidence."

15. All WRITINGS that identify or discuss the period during which IMDbPro accepted birthdate information for minors without requiring supporting evidence.

16. All WRITINGS that discuss or explain the rationale for the following IMDbPro submission guideline: "We do not remove valid dates of birth . . . so please do not submit deletions."

17. All WRITINGS that discuss the extent to which IMDB shares birthdate and/or age information with its parent corporation, Amazon.com, Inc.

18. All WRITINGS that discuss or explain how IMDB is a "commercial online entertainment employment service provider" within the meaning of California Civil Code Section 1798.83.5.

19. All WRITINGS constituting all forms of contractual agreements that IMDB has ever utilized constituting "a contractual agreement to provide employment services to an individual for a subscription payment" within the meaning of California Civil Code Section 1798.83.5(a), and the time periods during which each such form was utilized.

20. All WRITINGS that discuss or explain the ways in which IMDb.com is a "companion" Internet website under the "control" of IMDbPro within the meaning of California Civil Code Section 1798.83.5(c).

21. All WRITINGS embodying, discussing or relating to IMDB's lobbying and all other efforts to oppose passage or enactment of California Assembly Bill No. 1687 (2015-2016) ["AB 1687"].

22. All WRITINGS embodying, discussing or relating to communications with the authors or signatories of the *amicus curiae* briefs filed as Doc. Nos. 24 and 26 in the above-captioned action.

23. All WRITINGS that discuss or explain IMDB's policies or practices with respect to the use of "Agents," as that term is used in IMDB's Privacy Notice to obtain, verify or otherwise utilize birthdate or age information.

24. All WRITINGS that discuss or describe the "commercially reasonable efforts to provide accurate information" undertaken by IMDB within the meaning of paragraph 6 of IMDbPro's current Subscriber Agreement.

25. All WRITINGS that support or refute the assertions made in paragraphs 2-14 of the Declaration of Giancarlo Cairella, dated January 5, 2017 ([Doc. 17], in the above-captioned action.

26. All WRITINGS that support or refute the assertions made in paragraphs 2-6 of the Supplemental Declaration of Giancarlo Cairella, dated February 2, 2017 ([Doc. 41], in the above-captioned action.

27. All WRITINGS that discuss or explain the formatting of age and birthdate information on IMDb.com.

28. All WRITINGS that constitute or discuss IMDB's past or present policies or practices concerning the work of the "Database Content Team" that manually monitors third party contributions for accuracy, as alleged in paragraph 18 of Plaintiff's complaint.

## INTERROGATORIES

1. State all facts that support YOUR contention that AB 1687 will not prevent age discrimination in the entertainment industry.

2. State all facts that support YOUR contention that a person's date of birth and age information is "public information," as alleged in paragraph 8 of Plaintiff's complaint.

3. Describe IMDB's policy with respect to removal of age and biographical information, and all reasons or justifications for how and why that policy was implemented.

4. Describe IMDbPro's policy allowing its subscribers to remove their ages or birthdates for their paid profiles, and all reasons or justifications for how and why that policy was implemented.

5. IDENTIFY each person who has asked that his or her age or birthdate be removed from IMDb.com, and describe the company's response to each such request.

6. IDENTIFY each person at IMDB who participated in the formulation of the policy of not removing age or birthdate information from the IMDb.com website upon request of the user.

7. IDENTIFY the public and private Internet sites (other than IMDb.com) "impacted by the law," as referred to in paragraph 6 of Plaintiff's complaint.

## RULE 30(b)(6) DEPOSITION CATEGORIES

1. The formulation of the policy of declining to remove age and birthdate information from IMDb.com upon request, including the reasons for its implementation and whether any consideration was given to whether IMDB's actions would facilitate age discrimination in the industry.

2. The uses to which IMDbPro and IMDb.com age and birthdate information are put in the entertainment industry, including any marketing information that IMDB has with respect to whether age and birthdate information from either of these sites is used to facilitate age discrimination.

3. Any information that IMDB has as to whether websites other than IMDb.com and IMDbPro are used in the entertainment industry to obtain age and birthdate information, whether such information is accurate, and whether such information is obtained from IMDB.

4. The sources of age and birthdate information that is posted on the IMDb.com website.

5. Complaints regarding and requests to take down age and birthdate information from the IMDb.com website, as well as IMDB's responses thereto.

6. The formulation of the policies underlying the "Date of Birth" guidelines for IMDbPro contributors.

7. The basis for the factual assertions found in the Declaration of Giancarlo Cairella [Doc. 17] and the Supplemental Declaration of Giancarlo Cairella [Doc. 41] filed in the above-captioned action.

## **JUSTIFICATION FOR DISCOVERY**

As the Court is well aware, litigants have a broad right to take discovery of any matters relevant to any of their claims and defenses. Fed. R. Civ. Proc. 26(b)(1). Defendants' discovery requests are narrowly tailored – a corporate designee deposition, and a small number of document requests and interrogatories. The purpose is to obtain the following important factual information regarding Defendants' claims and defenses:

1. **Information regarding whether the age and birthdate information on IMDb.com facilitates age discrimination.** The role of IMDb.com in facilitating age discrimination is the central justification for AB 1687. Whether the statute is evaluated under strict scrutiny, scrutiny under *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*, 447 U.S. 557 (1980), under the standard in *Pittsburgh Press Co. v. Pittsburgh Comm. on Human Relations*, 413 U.S. 376 (1973), rational basis, or any other standard, the issues of whether IMDb.com actually facilitates age discrimination, as well as whether AB 1687 can impede such discrimination, lie at the very heart of this case. Thus, Defendants' discovery requests seek information such as: (1) Plaintiff's factual contentions as to why AB 1687 supposedly does not prevent age discrimination; (2) Whether Plaintiff has marketed IMDb.com in a manner that does,

would or could promote its use to facilitate age discrimination; and (3) whether Plaintiff has any data (such as from its marketing studies) that would show that in fact IMDb.com is used to facilitate age discrimination.  Defendants are also entitled to discover whether Plaintiff has any information to support its claim that if AB 1687 is enforced, other websites will continue to provide the same information.

   2.     **Information regarding Plaintiff's intent.**  Under long-standing First Amendment principles, where speech is alleged to have furthered illegal conduct, courts evaluate whether the speaker intended to incite the illegal activity.  *See, e.g., Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969).  Defendants should be permitted to seek to show through discovery that Plaintiff knew that the ages and birthdates could, would and are used to facilitate discrimination, and that Plaintiff specifically sought to profit from that usage.  Thus, discovery of the reasons behind the formulation of the policy, as well as Plaintiff's analysis of what its competitors are doing and whether IMDb.com fills a specific market niche with respect to age and birthdate information should be permitted.

   3.     **Information regarding actual incidents of age discrimination.**  If Plaintiff's conduct has actually resulted in age discrimination (as Defendants believe it has), this may well be evidenced from among the thousands of requests that Plaintiff acknowledges having already ready received to take down age-related information from IMDb.com.  Also, the persons who issued such complaints and requests may be victims of age discrimination themselves and potential witnesses in this case.

   4.     **Information as to whether Plaintiff gathers age and birthdate information by improper or illegal means.**  Plaintiff's First Amendment claim that it should be permitted to publish truthful biographical information about people in the entertainment industry paints Plaintiff as a mere conduit, publishing information that is already available.  However, if, in fact, Plaintiff obtains such information fraudulently or otherwise illegally, or in violation of its contracts, publication of such information would not be protected by the First Amendment.  *See Bartnicki v. Vopper*, 532 U.S. 514 (2001) (First Amendment protection for publication of illegally obtained information applies only where publisher had no role in any illegal conduct); *Snepp v. United*

*States*, 444 U.S. 507 (1980) (no First Amendment protection for publishing information in violation of a contractual provision).

    5.    **Basic factual information about the relationship between IMDb.com and IMDbPro, and the extent to which AB 1687 is applicable.**  Given the information contained in the Cairella Declarations filed in support of Plaintiff's preliminary injunction motion, it is important to understand the basic nature of the relationship between and IMDb.com and IMDbPro, and the interplay of that relationship with the proscriptions embodied in AB 1687.

    Thus, Defendants respectfully request that this Court permit them to undertake the above-specified limited discovery in this case.

Respectfully submitted,

DATED: April 21, 2017.

XAVIER BECERRA
STEPAN A. HAYTAYAN
ANTHONY R. HAKL

By */s/ Anthony R. Hakl*
    Anthony R. Hakl
    Attorneys for Defendant Attorney
    General Xavier Becerra

DATED: April 21, 2017.

DOUGLAS E. MIRELL
DILAN A. ESPER
HARDER MIRELL & ABRAMS LLP

By */s/ Douglas E. Mirell*
    Douglas E. Mirell
    Attorneys for Defendant Intervenor
    Screen Actors Guild-American
    Federation of Television and
    Radio Artists

# CERTIFICATE OF SERVICE

Case Name:   **IMDb.com, Inc. v. Kamala Harris**   No.   **3:16-cv-06535**

I hereby certify that on <u>April 21, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT CONSOLIDATED REQUEST OF DEFENDANT AND DEFENDANT INTERVENOR TO CONDUCT LIMITED DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 21, 2017</u>, at Sacramento, California.

Tracie L. Campbell
Declarant

*/s/ Tracie Campbell*
Signature

SA2016104639
12661478.doc