UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMDB.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, <br><br> Defendant <br><br> SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, <br><br> Defendant-Intervenor. | Case No. 16-cv-06535-VC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 78, 79 |

Assembly Bill 1687 forbids IMDb from publishing certain truthful age-related information about those in the entertainment industry. *See* Cal. Civ. Code § 1798.83.5 (codifying AB 1687, 2015-16 Reg. Sess. (Cal. 2016)). The Court entered a preliminary injunction to prevent California from enforcing the statute while this litigation was pending because of the strong likelihood that the statute violates the First Amendment. *IMDb.com, Inc. v. Becerra*, No. 16-CV-06535-VC, 2017 WL 772346 (N.D. Cal. Feb. 22, 2017). California and SAG-AFTRA's arguments on summary judgment do nothing to change the analysis.

**I.**

First, California and SAG-AFTRA provide no reason to apply a lower level of judicial scrutiny to the statute than was applied at the preliminary injunction stage.

AB 1687 cannot properly be considered a regulation of voluntary commercial contracts

rather than a speech restriction. Upon the request of a subscriber to IMDbPro, the law requires IMDb to remove age-related information from its public-facing website, IMDb.com, regardless of the source of the information on IMDb.com. The law expressly contemplates that it will impact not just information obtained pursuant to a contractual relationship, but also information provided by members of the public. *See* Cal. Civ. Code § 1798.83.5(c) (discussing requirements for websites "permit[ting] members of the public to upload or modify Internet content"); *see also* S. Judiciary Comm., AB 1687, 2015-16 Reg. Sess., at 5-6 (June 28, 2016), Hakl Decl., Ex. C, Dkt. No. 79-1. The law neither regulates any existing agreement between subscribers and IMDbPro nor imposes an after-the-fact requirement on IMDb not to disclose information provided by subscribers to IMDbPro. *See Lind v. Grimmer*, 30 F.3d 1115, 1118-19 (9th Cir. 1994).

Therefore, and as California concedes, AB 1687 is not properly considered a generally applicable law; moreover, its effects on expression are far from incidental. *See* Cal. Opp'n & Cross-Mot. for Summ. J. at 5, Dkt. No. 79; *compare Lind*, 30 F.3d at 1118-19, *with Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991). AB 1687 is a direct restriction on speech. The law prohibits certain speakers from publishing certain truthful information – information that, in many instances, is supplied by members of the public – because of concerns that a third party might use that information to engage in illegal conduct.

Nor can AB 1687 plausibly be characterized as a commercial speech restriction. The speech at issue is factual information about entertainment professionals, conveyed – at least on IMDb.com – in a manner unconnected to any commercial transaction. *Cf. Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 66-67 (1983); *Charles v. City of Los Angeles*, 697 F.3d 1146, 1151 (9th Cir. 2012). The fact that IMDb has a financial interest in people's reliance on IMDb.com for information doesn't transform the age-related information restricted by AB 1687 into commercial speech. *See Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 957, 960 (9th Cir. 2012).

SAG-AFTRA contends that publication of facts about the ages of people in the

entertainment industry can be banned because these facts "facilitate" age discrimination – an argument that, if successful, would enable states to forbid publication of virtually any fact. There is no support in controlling case law for the proposition that a state may ban publication of facts to impede a third party's possible reliance on those facts to engage in discrimination. *Cf. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 496 (1982) (upholding an ordinance regulating the sale of items designed or marketed for use with illegal drugs); *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376, 389-91 (1973) (upholding a restriction on sex-designated job advertisements for jobs in which employers were prohibited from hiring on the basis of sex); *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 822 (9th Cir. 2013) ("Nothing in *Pittsburgh Press* . . . suggests that we should expand our inquiry beyond whether the affected speech proposes a lawful transaction . . . ."); *Airbnb, Inc. v. City & County of San Francisco*, 217 F. Supp. 3d 1066, 1078-79 (N.D. Cal. 2016). On the contrary, that a third party could misuse truthful information is almost never sufficient to justify suppression of that information. *See, e.g.*, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 577 (2011) ("The State seeks to achieve its policy objectives through the indirect means of restraining certain speech by certain speakers . . . . But the fear that people would make bad decisions if given truthful information cannot justify content-based burdens on speech." (internal quotation marks and citation omitted)); *Bartnicki v. Vopper*, 532 U.S. 514, 529-30 (2001) ("[I]t would be quite remarkable to hold that speech by a law-abiding possessor of information can be suppressed in order to deter conduct by a non-law-abiding third party."). Possible misuse certainly is not sufficient here, where the regulation directly targets speech that neither proposes nor is necessarily tied to any illegal activity.

## II.

Applying the proper level of scrutiny, AB 1687 is clearly unconstitutional. The law on its face singles out specific, non-commercial content – age-related information – for differential treatment. As such, AB 1687 is constitutional only if it survives strict scrutiny. *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226-27, 2231 (2015). The defendants must prove that AB 1687

3

"furthers a compelling interest and is narrowly tailored to achieve that interest."  *Id.* at 2231 (quoting *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 564 U.S. 721, 734 (2011)).

It is undisputed that the legislature had in mind the compelling interest of combating age discrimination in the entertainment industry when it passed AB 1687.  *See* Cal. Civ. Code § 1798.83.5(a).  But, even crediting the defendants' assertion that there is some causal link between the availability of age information on IMDb.com and age discrimination, demonstrating a causal relationship, without more, is not enough to carry the state's burden to justify a content-based restriction on IMDb's speech.  Regulation of speech must be a last resort.  *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 950 (9th Cir. 2011) (en banc).

California has not shown that it adopted a measure "actually necessary" to combating age discrimination.  *United States v. Alvarez*, 567 U.S. 709, 725 (2012).  Although the legislative history states that age discrimination remains a problem in spite of existing antidiscrimination laws – something the Court does not doubt – the record provides no evidence that California explored less-speech-restrictive alternatives, like amendment, clarification, or enhanced enforcement of antidiscrimination laws, before imposing this restriction on IMDb's speech.  *See Bartnicki*, 532 U.S. at 529 ("The normal method of deterring unlawful conduct is to impose an appropriate punishment on the person who engages in it."); *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 637 (1980) (noting that a municipality's "legitimate interest in preventing fraud can be better served by measures less intrusive than a direct prohibition on solicitation").  Indeed, a portion of the legislative history cited by California acknowledges that "clarification of the law is needed in the fight against age discrimination in Hollywood because of the notion that artistic freedom provides a haven from antidiscrimination laws."  Assemb. Comm. on Privacy & Consumer Protection, AB 1687, 2015-16 Reg. Sess., at 3 (May 3, 2016), Hakl Decl., Ex. F, Dkt. No. 79-1; *see also* Assemb. Comm. on Arts, Entertainment, Sports, Tourism & Internet Media, AB 1687, 2015-16 Reg. Sess., at 3 (Apr. 12, 2016), Hakl. Decl., Ex.

4

G, Dkt. No. 79-1; Cal. Reply Br. at 3, Dkt. No. 84.  Rather than clarify what antidiscrimination law requires of employers in the entertainment industry, which would directly support the state's compelling interest in ensuring those employers don't discriminate, the legislature decided to censor a source of truthful information.

Even if California had shown that the law was passed after targeted efforts to eliminate discrimination in the entertainment industry had failed, the law is not narrowly tailored.  For one, the law is underinclusive, in that it bans only one kind of speaker from disseminating age-related information, leaving all other sources of that information untouched.  *See Reed*, 135 S. Ct. at 2232; *The Fla. Star v. B.J.F.*, 491 U.S. 524, 540 (1989).  Even looking just at IMDb.com, the law requires IMDb to take down some age-related information – that of the members of its subscription service who request its removal – but not the age-related information of those who don't subscribe to IMDbPro, or who don't ask IMDb.com to take their information down.  The defendants have not shown that partially eliminating one source of age-related information will appreciably diminish the amount of age discrimination occurring in the entertainment industry.

The law is also overinclusive.  For instance, it requires IMDb not to publish the age-related information of all those who request that their information not be published, not just of those protected by existing age discrimination laws.  If the state is concerned about discriminatory conduct affecting those not covered by current laws, namely those under 40, it certainly has a more direct means of addressing those concerns than imposing restrictions on IMDb's speech.  *See* Cal. Gov't Code §§ 12926(b), 12940(a); *see also* 29 C.F.R. § 1625.2.

For all these reasons, the statute violates the First Amendment.

## III.

Although the previously-discussed flaws in the statute are more than enough to strike it down, one final point bears mention.  The defendants seem to misunderstand the problem they hope to address through AB 1687.  The legislative materials repeatedly cite an article discussing "[t]he commonplace practice of casting a much younger female against a much older male" and

5

lamenting the significant underrepresentation of women in leading roles and in directors' chairs.[1] The defendants describe this as a problem of "age discrimination." While that may be accurate on some level, at root it is far more a problem of sex discrimination. Movie producers don't typically refuse to cast an actor as a leading man because he's too old for the leading woman; it is the prospective leading woman who can't get the part unless she's much younger than the leading man. TV networks don't typically jettison male news anchors because they are perceived as too old; it is the female anchors whose success is often dependent on their youth. This is not so much because the entertainment industry has a problem with older people per se. Rather, it's a manifestation of the industry's insistence on objectifying women, overvaluing their looks while devaluing everything else. The defendants barely acknowledge this, much less explain how a law preventing one company from posting age-related information on one website could discourage the entertainment industry from continuing to objectify and devalue women. If the government is going to attempt to restrict speech, it should at least develop a clearer understanding of the problem it's trying to solve.

## IV.

Because the defendants have not shown that AB 1687 can withstand strict scrutiny, and because they have raised no dispute of material fact that would entitle them to a trial, IMDb's motion for summary judgment is granted, and the defendants' motion for summary judgment is denied. The State of California is permanently enjoined from enforcing AB 1687.

**IT IS SO ORDERED.**

Dated: February 20, 2018

VINCE CHHABRIA
United States District Judge

---

[1] Ben Child, *Maggie Gyllenhaal: At 37 I Was 'Too Old' for Role Opposite 55-Year-Old Man*, The Guardian (May 21, 2015), https://www.theguardian.com/film/2015/may/21/maggie-gyllenhaal-too-old-hollywood [https://perma.cc/XN9J-25VL].